**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Seychelles Organics, Inc., | No. CV-11-01746-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| John R. Rose, | |
| Defendant. | |

Before the court is defendant Rose and non-party AnuMed's motion for protective order (doc. 26), plaintiff's response (doc. 27), and defendant's reply (doc. 28).

In November 2006, Seychelles entered into an asset purchase agreement with the Rose Entities, under which Seychelles paid over $7 million to acquire assets of the Rose Entities ("Acquired Business"). As part of the asset purchase agreement, Rose executed a non-compete agreement, agreeing not to participate in any business similar to the Acquired Business. After Rose violated the terms of the non-compete agreement, Seychelles filed a complaint in Utah state court seeking injunctive relief. The Utah court issued a temporary restraining order, followed by a preliminary injunction, ordering Rose to stop violating the terms of the non-compete agreement. Nevertheless, Rose continued to violate the agreement. One day before Rose was scheduled to appear to show cause as to why he should not be held in contempt, Rose filed for Chapter 13 bankruptcy protection in the United States Bankruptcy

1 Court for the District of Arizona. Seychelles then filed an adversary proceeding in Rose's
2 bankruptcy case, and a trade dress infringement action in the United States District Court for
3 the District of Utah. The parties subsequently agreed to settle all claims, whereby Seychelles
4 agreed to dismiss the litigation and withdraw its proof of claim in exchange for Rose's
5 agreement to the immediate entry of judgment against him in the amount of $1 million, and
6 the entry of a permanent injunction, prohibiting him from participating in any business in
7 competition with the Acquired Business. As part of the settlement agreement, Seychelles
8 agreed to forbear taking any action to collect upon the judgment so long as Rose timely
9 complied with his obligation to pay $180,000 over a 5-year period and "remain[ed] in
10 compliance with the terms of the injunction." Motion, ex F ¶ 6. The bankruptcy court
11 approved the settlement agreement and issued proposed findings of fact and conclusions of
12 law. We subsequently adopted the bankruptcy court's proposed findings and conclusions
13 and granted the parties' stipulated motion for entry of final judgment and permanent
14 injunction (doc. 6), and this case was closed. When Rose later allegedly defaulted on his
15 payment obligations under the settlement agreement, and failed to comply with the terms of
16 the injunction, Seychelles sent notice of termination of its forbearance obligation and began
17 efforts to enforce the $1 million stipulated judgment. As part of those efforts, Seychelles
18 noticed the deposition of Rose and one of his affiliated entities, AnuMed International, LLC.
19
20 Now before us is Rose and AnuMed's motion for protective order, seeking to quash
21 the notices of deposition and subpoenas, arguing that the $1 million judgment is not
22 enforceable, the underlying debt is not currently due, and therefore the subpoenas serve to
23 annoy, oppress, and burden Rose and AnuMed and should be quashed. See Fed. R. Civ. P.
24 26(c)(1).
25 A final, stipulated judgment has been entered in this case (doc. 6). Rose cannot attack
26 the validity of that final judgment by way of a motion for protective order. Under Rule 69(a),
27 Fed. R. Civ. P., Seychelles is within its right to obtain discovery "from any person" in aid of
28 enforcing that judgment. It is unlikely that Rose can support a claim for relief from judgment

- 2 -

1  under Rule 60(b), Fed. R. Civ. P. There are no allegations of mistake, surprise, newly
2  discovered evidence or fraud. Instead, Rose appears to raise challenges as to the
3  interpretation and enforceability of the settlement agreement. Any such claim must be
4  presented in a separate action.

**IT IS ORDERED DENYING** the motion for protective order (doc. 26).

DATED this 20th day of March, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge