**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Seychelles Organics, Inc., | ) | No. CV-11-1746-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| John R. Rose, | ) | |
| Defendant. | ) | |

The court has before it defendant's motion to set aside judgment (doc. 53), and plaintiff's response (doc. 58).

**I.**

In November 2006, Seychelles paid in excess of $7 million to acquire assets of entities owned and operated by defendant John Rose ("Acquired Business")[1]. In connection with the purchase agreement, Rose executed a non-compete agreement ("NCA"), agreeing not to participate in any business in competition with the Acquired Business. He also entered into an Independent Contractor Agreement under which Rose would continue to provide services to Seychelles and the Acquired Business. Rose later became manager of AnuMed International, LLC, ("AnuMed") which sells health and nutritional supplements, arguably

---

[1] Rose asserts that he received approximately $1.5 million from the sale. Motion at 1.

in competition with Seychelles.[2]

When Rose violated the terms of the NCA, Seychelles filed a complaint in Utah state court seeking injunctive relief. Rose stipulated to the entry of a preliminary injunction, ordering Rose to stop violating the terms of the NCA ("Utah Injunction"). Nevertheless Rose continued to violate the agreement. One day before Rose was scheduled to appear before the Utah court to show cause why he should not be held in contempt for violating the Utah Injunction, Rose filed for Chapter 13 bankruptcy protection in the United States Bankruptcy Court for the District of Arizona. Seychelles then filed an adversary proceeding and a $1.7 million proof of claim in Rose's bankruptcy case, and a trade dress infringement and unfair competition action against AnuMed in the United States District Court for the District of Utah ("Utah Litigation").

After a trial to the court in the adversary action, the Bankruptcy Court concluded that Rose had violated the NCA and damaged Seychelles in "an as yet undetermined amount." The parties were ordered to mediation to determine the amount of Seychelles' damages. In re Rose, Adv. No. 2:10-ap-1006-RTB ("Adversary Action") (doc. 96).

Rose and Seychelles, each represented by counsel, participated in a private mediation and ultimately agreed to settle all claims. Seychelles agreed to dismiss the Utah Litigation and withdraw its proof of claim in exchange for Rose's agreement to the immediate entry of judgment against him in the amount of $1 million, and the entry of a permanent injunction, prohibiting him from participating in any business in competition with the Acquired Business ("Settlement Agreement"). Motion, ex. 4. As part of the Settlement Agreement, Seychelles agreed to forbear taking any action to collect upon the $1 million judgment as long as Rose timely complied with his obligation to pay $180,000 over a 60-month period and "remain in compliance with the terms of the injunction." Id. at 2.

The Bankruptcy Court approved the Settlement Agreement and issued proposed

---

[2] AnuMed was registered with the Arizona Corporation Commission on November 11, 2009 as a limited liability company. Rose and Kanokphor Alcantar are listed as the only managers. Alcantar is listed as the only member.

1  findings of fact and conclusions of law.  We adopted the Bankruptcy Court's findings and
2  conclusions and granted the parties' stipulated motion for entry of final judgment and
3  permanent injunction ("Judgment") (doc. 6), and this case was closed.  When Rose defaulted
4  on his payment obligations under the Settlement Agreement, and failed to comply with the
5  terms of the injunction, Seychelles sent notice of termination of its forbearance obligation
6  and began efforts to enforce the $1 million Judgment.[3]

7  In the meantime, on January 15, 2013, AnuMed filed a complaint in this court against
8  Seychelles seeking a declaration that AnuMed was not a party to the Settlement Agreement
9  and therefore not bound by its terms.  AnuMed Int'l, LLC v. Seychelles Organics, Inc., No.
10  CV-13-0098-PHX-MHB (D. Ariz. Jan. 15, 2013).  The parties stipulated to assignment of
11  the case to a Magistrate Judge and the case was assigned to Judge Michelle Burns ("Burns
12  Case").

13  AnuMed thereafter amended its complaint to add Rose as a plaintiff to seek a
14  declaratory judgment that neither AnuMed nor Rose is bound by the Settlement Agreement
15  or the Judgment, because the Judgment "is so grossly excessive" that it constitutes an
16  "unenforceable penalty."  Burns Case, Amended Compl. ¶ 41 (doc. 13).  AnuMed
17  subsequently voluntarily dismissed its complaint against Seychelles without prejudice,
18  leaving only Rose's claims pending.

## II.

20  Rose now seeks relief from Judgment under Rule 60(b)(4), (5), and (6), Fed. R. Civ.
21  P., arguing that the Judgment is void, that applying it prospectively is no longer equitable,
22  and for any other reasons that justify relief.  A motion brought pursuant to Rule 60(b)(4), (5)
23  or (6) must be brought within a "reasonable time."  Fed. R. Civ. P. 60(c)(1).  "What qualifies
24  as a reasonable time depends on the facts of each case," In re Int'l Fibercom, Inc., 503 F.3d
25  933, 945 (9th Cir. 2007) (citation omitted), but in all events, relief should be granted only

---

[3] On May 9, 2012, the Bankruptcy Court granted Rose's motion to voluntarily dismiss his bankruptcy case.  In re Rose, No. 2:10-bk-4373-RTC (doc. 152).  No plan of reorganization was ever approved, nor was Seychelles' claim paid.

- 3 -

when the movant demonstrates that "circumstances beyond [his] control prevented timely action to protect [his] interests." Id.

**A.**

Rose did not oppose entry of the Judgment in this case. Instead he waited more than two years after Judgment was entered, and almost two years after Seychelles began its collection efforts, to bring this Motion. He makes no attempt to demonstrate that circumstances beyond his control prevented him from bringing the Motion sooner. See id. Without more, two years is not a reasonable amount of time, and his claim fails on this basis alone. Nevertheless, we also consider the Rule 60(b) motion on its merits.

**B.**

Rose first argues that, pursuant to Rule 60(b)(4), the Judgment is void because the Utah court lacked subject matter jurisdiction. But the Judgment from which Rose now seeks relief resulted not from a Utah court judgment, but from the parties' settlement of the Adversary Action filed in Rose's Arizona Bankruptcy Case. There is no challenge to our jurisdiction.

Rose contends that the Utah court lacked subject matter jurisdiction because of choice of law provisions in the Asset Purchase Agreement, the NCA, and the Independent Contractor Agreement, and an Arizona forum selection clause in the Independent Contractor Agreement. But neither choice of law nor forum selection clauses deprive a court of subject matter jurisdiction. The Utah court of general jurisdiction had subject matter jurisdiction. Moreover, Rose stipulated to the Utah judgment and cannot now be heard to raise a forum selection or choice of law challenge.

Rose's motion to set aside the Judgment as void pursuant to Rule 60(b)(4) is denied.

**C.**

Rose also argues that, pursuant to Rule 60(b)(5), enforcement of the $1 million Judgment is no longer equitable because that amount far exceeds Seychelles' actual damages, and therefore the Judgment constitutes an unenforceable penalty or punitive damages and must be set aside.

1    To prevail under Rule 60(b)(5), the movant has a "heavy burden" to show a
2 "significant change in facts or law [that] warrants revision of the decree," and "the proposed
3 modification [must be] suitably tailored to the changed circumstance." Bellevue Manor
4 Assocs. v. U.S., 165 F.3d 1249, 1255 (9th Cir. 1999) (quoting Rufo v. Inmates of Suffolk
5 County Jail, 502 U.S. 367, 393 (1992)).

6    Rose does not argue that there has been a significant change in facts or law that
7 warrants revision of the Judgment, nor does he suggest a narrowly tailored modification.
8 Instead, he simply argues that the $1 million Judgment amount (which he agreed to) is too
9 much and therefore it should be set aside.

10    The Settlement Agreement and Judgment were based on a negotiated amount of
11 Seychelles' damages due to Rose's repeated violations of the NCA and the Utah Injunction,
12 both before and after the filing of the Bankruptcy Case. The issue at the mediation, which
13 led to the Settlement Agreement, was the total damages for all of Rose's violations of the
14 NCA and Utah Injunction. Seychelles had filed a $1.7 million proof of claim in the
15 Bankruptcy Case based only on pre-petition violations of the Utah Injunction and NCA.
16 Seychelles argues that the $1 million Judgment was based on a compromise of not only its
17 original $1.7 million proof of claim, but also subsequent violations of the NCA and Utah
18 Injunction.

19    Unlike a motion to modify a court-imposed judgment, Rose seeks to modify a
20 stipulated Judgment to which all the parties have agreed. He has failed to show significant
21 changes in facts or law that would now warrant revision of the Judgment. Rose's motion to
22 set aside the Judgment pursuant to Rule 60(b)(5) is denied.

23                                    **D.**

24    We also reject Rose's argument that because the Judgment is unconscionable it must
25 be set aside under the catch-all provision of Rule 60(b)(6). "Judgments are not often set
26 aside under Rule 60(b)(6)." Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th
27 Cir. 2006). Rather Rule 60(b)(6) should be "used sparingly as an equitable remedy to
28 prevent manifest injustice" and "is to be utilized only where extraordinary circumstances

1 prevented a party from taking timely action to prevent or correct an erroneous judgment."
2 United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005).

3     Rose contends that any agreement should reflect what the parties actually negotiated
4 and should not be so one-sided as to "shock the conscience." He contends that "in hindsight"
5 he did not understand the exact terms of the Settlement Agreement. He argues that his filing
6 of the Burns Case alone demonstrates that there was no meeting of the minds with regard to
7 the Settlement Agreement. Notwithstanding that he was represented by counsel, he argues
8 that there was a disparity in bargaining power at the time the Settlement Agreement was
9 executed.

10     Rose has failed to establish the "extraordinary circumstances" that would support a
11 motion to set aside the Judgment. Rose and his lawyer's affidavits with regard to their
12 current understanding of the Settlement Agreement are self-serving and insufficient to
13 overcome the plain language of the Settlement Agreement.

14     The Settlement Agreement is not so one-sided as to shock the conscience. Instead,
15 the Agreement was entered into after repeated violations by Rose of the NCA and the Utah
16 Injunction. The Settlement Agreement was intended to resolve a $1.7 million proof of claim
17 filed in Rose's Bankruptcy Case and to resolve claims of unfair competition and trademark
18 infringement filed in the Utah Litigation. Seychelles moved to enforce the $1 million
19 Judgment only after Rose failed to comply with the terms of the Settlement Agreement and
20 permanent injunction. Rose has failed to carry his heavy burden of demonstrating that the
21 Settlement Agreement is unconscionable and should be set aside.

**III.**

**IT IS ORDERED DENYING** Rose's motion to set aside the Judgment (doc. 53).

DATED this 8th day of July, 2014.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge

- 6 -