IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Seychelles Organics Inc., ) | |
|             Plaintiff, ) | No. CV11-01746-PHX-FJM (MHB) |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| John R. Rose, ) | |
| ) | |
|             Defendant. ) | |

TO THE HONORABLE FREDERICK J. MARTONE, SENIOR DISTRICT COURT JUDGE:

      Pending before this Court, on referral from presiding District Court Judge Frederick J. Martone[1], is Defendants' Joint [as between defendants] Motion for Protective Order Re: Subpoenas to Appear for Deposition and Requests for Records Served by Plaintiff on John R. Rose, Signature Formulations, LLC [non-party], and Maria Esparza [non-party] (Doc. 82). Plaintiff has filed a Response in Opposition (Doc. 83). Defendants request that this court enter an order precluding Plaintiff from attempting to collect against Defendant Rose, "including, but not limited to, any attempts by Defendants to notice a judgment debtor's examination of Rose and/or Esparza or a Rule 30(b)(6) Deposition of Sigform." (Doc. 82 at 1.) Defendants asserts that such an order is appropriate as the Settlement Agreement ("SA") and Stipulated Judgment between Plaintiff and Defendants Rose and Anumed International is unenforceable as a result

---

[1] The referral Magistrate Court will be referred to as "this Court," and the presiding District Court will be referred to as "the Court."

of the Court's order, dated March 27, 2015, finding that some of the non-compete paragraphs of the SA[2], specifically paragraphs (a), (b), (e), and (f), were unenforceable in duration and scope. (Doc. 73.) The Court specifically found that "the remaining portions of the [SA] will remain in full force and effect." (Id. at 5.) Plaintiff has appealed the Court's order. (Doc. 74.)

Remaining in "full force and effect" is the provision of the SA that Defendants Rose and Anumed agreed to a one-million dollar judgment against them, a stipulated judgment that Plaintiff would not collect on so long as Defendants made the agreed-to payments. (Doc. 83 at 15-16.) Defendants argue however, that "the provisions Plaintiff relied on to decide, at its own discretion, it would terminate the forbearance to enter a judgment of $1,000,000.00, are the very provisions this Court has now ordered as unlawful and unenforceable." (Doc. 82 at 4.) Defendants attach, in support, a letter sent by Plaintiff to Defendant Rose on February 6, 2012, notifying Defendant Rose of several breaches of the SA: failure to make payments, producing, selling or distributing any product containing progesterone and from using the "Physician's First" seal, failing to submit the liquid Stevia formula within 10 days, and continuing to market Stevia on Anumed International's website. (Doc. 82-2 at 2-3.) As is clear by this letter, Plaintiff provided notice to Defendant Rose that it considered him to be in violation of the SA for failing to make the required payments, and for other breaches. There is nothing in the letter to suggest that Plaintiff's notice only asserted a breach of the non-compete provisions of the SA or considered it an "all or nothing breach," and certainly nothing in the SA that suggests that Plaintiff was required to continue forbearance on the judgment until there was evidence that Defendants breached several or all provisions of the SA. It is a stretch of the imagination for Defendants to make this argument.

Defendants next make the general assertion, without authority, that "provisions considered unenforceable cannot uphold a judgment in any fashion." (Doc. 82 at 4.) Defendants conflate the concepts judgment and SA. Here, the judgment is a monetary judgment

---

[2]The non-compete provision of the SA constituted parts (a) through (f). (Doc. 83 at 15.)

1 in the amount of one-million dollars.  There are no provisions of the "judgment" that the Court
2 has declared unenforceable.

3       Defendants also request that the Court, at the very least, stay any collection activities
4 until after Plaintiff's appeal, discussed above, has been concluded. The only issue before the
5 Ninth Circuit is the validity of certain provisions of the non-compete section of the SA.  (Doc.
6 83 at 11-12.) Defendants provide no authority for their request to stay collection activities while
7 Plaintiff's appeal is pending, and, in any event, there is no prejudice to Defendants,[3] as their
8 current position will not be improved by the outcome of the appeal.

9       Plaintiff requests attorney fees in defending Defendants' motion.  This Court will
10 recommend that the request be granted.  "When [a motion for protective order] fails, as it has
11 here, the defending party is entitled to recover reasonable attorneys' fees." Lassley v. Secura
12 Supreme Ins. Co., 2015 WL 4916931, at *3 (D. Ariz., Aug. 18, 2015) (citing Rule 37(a)(5),
13 Fed.R.Civ.P.).  "But the court must not order this payment if the motion was substantially
14 justified or other circumstances make an award of expenses unjust."  Rule 37(a)(5)(B),
15 Fed.R.Civ.P. This Court finds that Defendants' motion was not substantially justified, as the
16 motion lacked authority and contained specious arguments.

17       Wherefore,

18       **IT IS RECOMMENDED** that Defendants' Joint Motion for Protective Order Re:
19 Subpoenas to Appear for Deposition and Requests for Records Served by Plaintiff on John
20 R.Rose Signature Formulations, LLC, and Maria Esparza, (Doc. 82), be **DENIED**.

21       **IT IS FURTHER RECOMMENDED** that the Court find Defendants' motion was not
22 substantially justified, and order Plaintiff to file a motion for attorney fees, supported as
23 required by the local rules, within 14 days, and that Defendants respond within 14 days of the
24 filing of Plaintiff's motion addressing only the amount and justness of the proposed award.

---

[3] It does not appear that Defendants have appealed the Court's finding that the remaining provisions of the SA (to include the stipulated judgment) are enforceable.

- 3 -

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 29th day of July, 2016.

_____
Michelle H. Burns
United States Magistrate Judge